# SUPREME COURT.

THE PEOPLE *ex rel.* WILLIAM G. LORD and others, appellants agt. WILLIAM H. ROBERTSON, county judge of Westchester county, respondent.

Where an *insolvent debtor,* previous to his imprisonment on a *ca. sa.* in the county jail, had been convicted of *forgery,* and under his sentence had served out his term of imprisonment in the state prison, never having been pardoned:

*Held,* that he was thereby *disqualified* from making an *affidavit to his petition* for his discharge from imprisonment under the insolvent laws.

It is competent for *any parties* to join as *relators in a certiorari;* and if it appears from the return that the officer had *no jurisdiction,* it is immaterial how that fact was shown, or by whom the objection was made.

*Second District General Term, November,* 1863.

LOTT, EMOTT and SCRUGHAM, *Justices.*

ON the 30th day of December, 1856, Charles B. Huntington was convicted of forgery at a court of special sessions, and sentenced to state prison for a period of years, which he served out. After the expiration of his term of service, the relator Lord obtained judgment against him, and an order of arrest having been granted in the action, he was charged in execution against his person in the county of Westchester. He thereupon presented a petition under the insolvent laws, for the discharge of his person from imprisonment, to the respondent, and annexed thereto his affidavit. On the return of the order to show cause, the creditors, Lord, Belden and others, among other objections claimed that Huntington, not having been pardoned, was incompetent to make the necessary affidavit. The county judge overruled the objection, and granted a discharge. The relators sued out a *certiorari* to this court, which was argued at the July term, 1863, and decided October, 1863.

P. J. JOACHIMSEN, JOHN A. GODFREY, and MILLS & COCHRAN, *counsel for relators.*

JOHN J. CLAPP, *counsel for respondent.*

By the court, Lott, Justice. The conviction of Huntington for a felony and the sentence under it disqualified him from making the affidavit annexed to his petition.

It is declared by statute (2 *R. S.* 701, § 23) that "no person sentenced upon a conviction for a felony shall be competent to testify in any cause, matter or proceeding, civil or criminal, unless he be pardoned by the governor or by the legislature, except in the cases provided by law." The disqualification is general. It extends to all cases where the declaration of the party is to be used in a judicial proceeding for the purpose of establishing or proving some fact; and it applies both to written and oral evidence. It is not limited to testimony or evidence on the trial of causes between parties, but in terms applies to all matters civil or criminal. The provision is intended as a rule of evidence, and as protection to the community against the peril of testimony from a person guilty of an offence implying such dereliction of moral principle as in the opinion of the legislature to carry with it the presumption of a total disregard to the obligations of an oath.

Insolvent proceedings are very important in their consequences, extending, in some cases, to the absolute discharge of debts, and in others limiting parties in the remedies for their collection, and affidavits of the applicant are required, of more or less stringency, to guard against fraud, and for the protection of the rights of creditors to be affected by them.

There is, therefore, as much if not more reason for disqualifying a person convicted of a felony from making such an affidavit, as there is to disqualify him from being a witness on trial of a cause between third persons.

The effect and extent of the disability created by the statute of a similar character in England was discussed and considered *in re Sawyer* (2 *Adol. & Ellis, N. S. p.* 721), and it was held to extend to an affidavit which had been used to show cause against a rule calling upon another party to

answer certain matters, and the court ordered the affidavit to be taken off the files. (*See also* 1 *Greenleaf on Evidence*, § 374.)

The county judge, to whom the petition with this affidavit was presented, assigned a day for showing cause against the discharge of the applicant; and at the time designated certain of his creditors insisted, among other grounds as an objection to his discharge, that he had not been pardoned, and produced in evidence the record of his conviction for a felony.

The objections were overruled and the proceedings were continued, and resulted in the discharge asked for.

Having come to the conclusion that it was incompetent for the applicant to make the affidavit on which these proceedings were granted, it follows that they were unauthorized and void, and they must be set aside, if they are properly brought besore us by the *certiorari*.

Huntington's application is said in the writ to have been presented to the county judge on the 18th day of March, 1862, whereas it appears by his return made thereto that the petition was dated the 21st day of May, 1862, on which day the affidavit annexed thereto was sworn to, and the order to show cause was made; and it is insisted on behalf of the respondent that the proceedings before the court are not those required to be returned, and that no judgment can be rendered thereon; and it is also insisted that Lord, one of the relators, did not raise the objection against the sufficiency of the affidavit, and therefore cannot join with the others in the *certiorari*.

We are of opinion that neither of these objections is tenable.

The judge has made his return, as he says, in pursuance and by virtue of the said writ, and it must be presumed that the proceedings returned are those had before him, and that the statement therein, as to the time of presenting the

petition, is a mistake, and, as a full return has been made, the mistake is immaterial.

As to the alleged misjoinder of the relators, we are of opinion that it is competent for any parties to join in the *certiorari*, and if it appears from the return, as in this case, that the officer had no jurisdiction, it is immaterial how that fact was shown, or by whom the objection was made.

It follows, from these views, that the discharge was improperly granted, and that the proceedings should be set aside and reversed.